RUA M. KELLY (Mass. Bar No. 643351)
Email: kellyru@sec.gov
SUSAN COOKE ANDERSON (D.C. Bar No. 978173)
Email: andersonsu@sec.gov
Securities and Exchange Commission
33 Arch Street, 23rd Floor
Boston, Massachusetts 02110
Telephone: (617) 573-8941
Facsimile: (617) 573-4590

Local Counsel
DONALD W. SEARLES (Cal. Bar No. 135705)
Email: searlesd@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Acting Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT HURD, YOUR BEST MEMORIES INTERNATIONAL, INC., and KENNETH GROSS,<br><br>Defendants,<br><br>and SMOKEY CANYON FINANCIAL, INC.,<br><br>Relief Defendant. | Case No. 2:13-cv-04464-RGK-JCG<br><br>**SUPERSEDING ORDER OF FINAL JUDGMENT AGAINST DEFENDANT KENNETH GROSS** |

I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant Kenneth Gross ("Defendant") and Defendant's agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. §77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceedings or examination under Section 8 of the Securities Act [15 U.S.C. §77h].

II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant and Defendant's agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Securities Exchange Act of 1934

1  ("Exchange Act") [15 U.S.C. §77q(a)] by using the mails, or any means or
2  instrumentality of interstate commerce, to effect transactions in, or induce or attempt
3  to induce the purchase or sale of, securities without being registered as a broker or
4  dealer or associated with a registered broker or dealer in accordance with Section
5  15(b) of the Exchange Act, 15 U.S.C. § 78o(b).

### III.

7  **IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED**
8  that Defendant is liable for disgorgement of $269,000, representing amounts
9  received as a result of the conduct alleged in the Complaint, together with
10 prejudgment interest thereon in the amount of $10,897.81, for a total of
11 $297,897.81.

### IV.

13 **IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED**
14 that based on Defendant's sworn representations in his Statement of Financial
15 Condition dated April 30, 2014, and other documents and information submitted to
16 the Commission, however, the Court is waiving payment of disgorgement and
17 prejudgment interest, and not imposing a civil penalty. The Court's determination
18 is contingent upon the accuracy and completeness of Defendant's Statement of
19 Financial Condition. If at any time following the entry of this Final Judgment the
20 Commission obtains information indicating that Defendant's representations to the
21 Commission concerning his assets, income, liabilities, or net worth were
22 fraudulent, misleading, inaccurate, or incomplete in any material respect as of the
23 time such representations were made, the Commission may, at its sole discretion
24 and without prior notice to Defendant, petition the Court for an order requiring
25 Defendant to pay disgorgement of $269,000, prejudgment interest of $10,897.81,
26 and the maximum civil penalty allowable under the law. In connection with any
27 such petition, the only issue shall be whether the financial information provided by
28 Defendant was fraudulent, misleading, inaccurate, or incomplete in any material

respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over the Defendant as a party to this matter for all purposes, including the implementation and enforcement of this Final Judgment.

_____
UNITED STATES DISTRICT JUDGE

Dated: JUL 3 1 2014

3